UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ELLIOTT HOLLY,

Petitioner,

v.

CARLTON COUNTY,

Respondent.

Civil No. 07-4187 (JMR/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 2004, Petitioner was convicted in the state district court for Carlton County, Minnesota, on several counts of assault. (Petition, [Docket No. 1], p. (2), ¶s 1, 2 and 4.) He was sentenced to "over four years" in prison, (id., ¶ 3), and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he challenged his conviction on several grounds. In a decision dated

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

August 23, 2005, the Court of Appeals rejected all of Petitioner's claims and affirmed his conviction. State v. Holly, No. A04-1496 (Minn.App. 2005), 2005 WL 2008511 (unpublished opinion). Petitioner applied to the Minnesota Supreme Court for further review, but that application was denied on November 15, 2005. (Id.)

At some point, Petitioner attempted to submit some "documents" to the United States Supreme Court, but those documents were "returned back" to Petitioner because they were not "correctly completed." (Petition, p. (3), ¶ 9(e).) Petitioner also submitted some documents to the federal court, (presumably the Minnesota District Court), which purportedly initiated a proceeding described as "Deprivation of Liberty (deprocesss [sic])." (Id., ¶ 11(a)(2).) In that matter, Petitioner alleged "discrimination by Carlton County, and deprivation of a fair hearing." (Id., ¶ 11(a)(3).) It appears that, with the possible exception of those two anomalous matters, the current habeas corpus action is the first and only challenge that Petitioner has mounted against his 2004 Carlton County criminal conviction since his conviction was affirmed on direct appeal in 2005.

The current habeas corpus petition lists several claims for relief, including prosecutorial misconduct, denial of the "constitutional right to have omnibus hearings," ineffective assistance of counsel, and denial of the due process right to a fair trial. None of these claims can be addressed on the merits, however, because this action is time-barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-

year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on November 15, 2005. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for a writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year habeas statute of limitations began to run, on February 13, 2006 – 90 days after the Minnesota Supreme Court upheld Petitioner's conviction on direct appeal.[2] The statute of limitations deadline for seeking federal habeas corpus relief expired one year later, on February 13, 2007.

However, Petitioner did not file his present petition until October 5, 2007, which was nearly eight months after the statute of limitations deadline expired in this case. Thus, it clearly appears that the instant petition is barred by § 2244(d)(1), and cannot be entertained at this late date.

---

[2]  Petitioner has indicated that he attempted to submit some unidentified "documents" to the United States Supreme Court, but he has not shown that those "documents" included a petition for a writ of certiorari. More importantly, it clearly appears that Petitioner did not actually file anything with the United States Supreme Court. According to the current petition, whatever "documents" Petitioner may have tried to send to the United States Supreme Court were returned to him without being filed. Thus, the Court finds that, for purposes of applying the § 2244(d)(1) statute of limitations, Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and his conviction therefore became final on direct review upon the expiration of the 90-day deadline for filing such a petition.

The Court has considered the applicability of 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending. The tolling provisions of § 2244(d)(2) cannot aid Petitioner here, however, because his current petition indicates that he never filed any state post-conviction motion.[3]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"). The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kruetzer v. Bowersox, 231 F.3d 460,

---

[3] As noted above, (see p. 2, supra), the present petition indicates that Petitioner initiated some type of federal court proceeding that may have pertained to his 2004 Carlton County conviction. The Clerk's records indicate that Petitioner has filed 18 prior cases in this District, and it is certainly possible that one or more of those cases could have been related to this one. However, a federal court proceeding – even a federal habeas corpus action challenging the same matter at issue here – could not toll the statute of limitations pursuant to § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in any of his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772. Thus, the Court finds that the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

In sum, this action is plainly barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. The action must be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court. Finally, because this action is time-barred, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.


Dated: October 10, 2007

                                s/ Franklin L. Noel
                                FRANKLIN L. NOEL
                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before October 29, 2007, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.